**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Case No. 2:26-bk-50153 |
| VICKIE MICHELLE STRINGER, | : | |
| | : | |
| Debtor. | : | Chapter 13 |

_____

| | | |
|---|---|---|
| VICKIE MICHELLE STRINGER, | : | |
| | : | Judge Khorrami |
| Plaintiff, | : | |
| | : | Adv. Pro. No. 2:26-ap-02017 |
| v. | : | |
| | : | |
| WILMINGTON SAVINGS FUND | : | |
| SOCIETY,  FSB, AS OWNER TRUSTEE | : | |
| OF THE RESIDENTIAL CREDIT | : | |
| OPPORTUNITIES TRUST X-B, | : | |
| | : | |
| Wilmington Savings. | : | |

### ANSWER OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST X-B

Now Comes Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust X-B ("Wilmington Savings"), by and through counsel, and for its Answer to the Complaint for: 1) Willful Automatic Stay Violations; 2) Discharge Injunction Violation; 3) Fraudulent Misrepresentation of Standing; 4) RESPA Violations (Consolidated); and 5) Lien Avoidance of Vickie Michelle Stringer ("Plaintiff"), hereby admits, denies, and avers as follows:

### JURISDCITION AND VENUE

1.      Wilmington Savings admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      Wilmington Savings admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      Wilmington Savings admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      The allegations set forth in Paragraph 4 of Plaintiff's complaint constitute legal conclusions to which no response is required.  To the extent a response to Paragraph 4 is required Wilmington Savings admits 4 (a), (d), and (e) and is without information sufficient to form a belief as to the truth or falsity of the allegations contained in (b) and (c) and therefore denies same.

5.      The statements set forth in Paragraph 5 of Plaintiff's complaint constitute affirmative statements by Plaintiff to which no response is required.  To the extent a response to Paragraph 5 is required Wilmington Savings acknowledges Plaintiff's consent.

6.      The statements set forth in Paragraph 6 of Plaintiff's complaint constitute affirmative statements by Plaintiff to which no response is required.  To the extent a response to Paragraph 6 is required Wilmington Savings acknowledges Plaintiff is the debtor in Case No. 2:26-bk-50153, and is the owner of record of the property located at 3124 Genevive Drive, Columbus, Ohio 43219 since 2003.

7.      Wilmington Savings admits in part and denies in part the allegations contained in Paragraph 7 of Plaintiff's Complaint. Wilmington Savings does not appear in the above-captioned bankruptcy case as the purported secured creditor with respect to a mortgage lien against the property, rather Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust X-**C** filed a Proof of Claim in the bankruptcy being Claim No. 4-1.

8.      Wilmington Savings admits that The Residential Credit Opportunities Trust X-B is a Delaware statutory trust formed for the purposes of securitizing mortgage loans, of which Wilmington Savings serves as the Trustee and denies the remaining allegations contained therein.

9.      Wilmington Savings admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of Plaintiff's complaint and therefore denies such allegations.

11.     Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's complaint and therefore denies such allegations.

12.     Wilmington Savings admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Wilmington Savings admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Wilmington Savings admits that the document referenced and attached as Exhibit A states what it states. Further, the remaining allegations set forth in Paragraph 14 of Plaintiff's complaint constitute legal conclusions to which no response is required.  To the extent a response to the legal conclusions stated Paragraph 14 is required Wilmington Savings denies same.

15.     Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore denies such allegations.

16.     Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies such allegations.

17.     Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies such allegations.

18.     Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore denies such allegations.

19.     Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore denies such allegations.

20.     Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies such allegations.

21.     Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of Plaintiff's Complaint and therefore denies such allegations.

22.     Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore denies such allegations.

23.     Wilmington Savings admits that the documents referenced in paragraph 23 exist. Further, the remaining allegations set forth in Paragraph 23 of Plaintiff's complaint constitute

legal conclusions to which no response is required.  To the extent a response to the legal conclusions stated in Paragraph 23 is required Wilmington Savings denies same.

24.     Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of Plaintiff's Complaint and therefore denies such allegations.

25.     Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of Plaintiff's Complaint and therefore denies such allegations.

26.     Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of Plaintiff's Complaint and therefore denies such allegations.

27.     The allegations set forth in Paragraph 27 of Plaintiff's complaint constitute legal conclusions to which no response is required.  To the extent a response to the legal conclusions stated in Paragraph 27 is required Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of Plaintiff's Complaint and therefore denies such allegations.

28.     Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of Plaintiff's Complaint and therefore denies such allegations.

29.     The allegations set forth in Paragraph 28A of Plaintiff's complaint constitute legal conclusions to which no response is required.  To the extent a response to the legal conclusions stated in Paragraph 28A is required Wilmington Savings is without information sufficient to form

a belief as to the truth or falsity of the allegations contained in Paragraph 28A of Plaintiff's Complaint and therefore denies such allegations.

30.     Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of Plaintiff's Complaint and therefore denies such allegations.

31.     The allegations set forth in Paragraph 30 of Plaintiff's complaint constitute legal conclusions to which no response is required.  To the extent a response to the legal conclusions stated in Paragraph 30 is required Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of Plaintiff's Complaint and therefore denies such allegations.

32.     Wilmington Savings Admits Foreclosure Proceedings were initiated against Plaintiff in Case 25CV002031 and that said case was inactivated by an Order to Stay upon the filing of this bankruptcy. Wilmington Savings Denies the remaining allegations set forth in Paragraph 31 of Plaintiff's Complaint.

33.     Wilmington Savings admits the allegations contained in Paragraph 32 of Plaintiff's Complaint.

34.     Wilmington Savings denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

35.     Wilmington Savings admits a Proof of Claim was filed as asserted in Paragraph 34 and Denies the remaining assertions set forth therein.

36.     The allegations set forth in Paragraph 35 of Plaintiff's complaint constitute legal conclusions to which no response is required.  To the extent a response to Paragraph 35 is

required, Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies such allegations.

37.     Wilmington Savings denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

38.     The allegations set forth in Paragraph 37 of Plaintiff's complaint constitute legal conclusions to which no response is required.

39.     The allegations set forth in Paragraph 38 of Plaintiff's complaint constitute legal conclusions to which no response is required.  To the extent a response to Paragraph 38 is required, Wilmington Savings admits it was aware a Bankruptcy was filed..

40.     The allegations set forth in Paragraph 39 of Plaintiff's complaint constitute legal conclusions to which no response is required.  To the extent a response to Paragraph 39 is required, Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies such allegations.

41.     The allegations set forth in Paragraph 40 of Plaintiff's complaint constitute legal conclusions to which no response is required.  To the extent a response to Paragraph 40 is required, Wilmington Savings denies such allegations.

42.     Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 and therefore denies such allegations.

43.     The allegations set forth in Paragraph 42 of Plaintiff's complaint constitute legal conclusions to which no response is required.  To the extent a response to Paragraph 42 is required, Wilmington Savings denies such allegations.

44. The allegations set forth in Paragraph 43 of Plaintiff's complaint constitute legal conclusions to which no response is required. To the extent a response to Paragraph 43 is required, Wilmington Savings denies such allegations.

45. The allegations set forth in Paragraph 44 of Plaintiff's complaint constitute legal conclusions to which no response is required. To the extent a response to Paragraph 44 is required, Wilmington Savings denies such allegations.

46. The allegations set forth in Paragraph 45 of Plaintiff's complaint constitute legal conclusions to which no response is required. To the extent a response to Paragraph 45 is required, Wilmington Savings denies such allegations.

47. The allegations set forth in Paragraph 46 of Plaintiff's complaint constitute legal conclusions to which no response is required. To the extent a response to Paragraph 46 is required, Wilmington Savings denies such allegations.

48. The allegations set forth in Paragraph 47 of Plaintiff's complaint constitute legal conclusions to which no response is required. To the extent a response to Paragraph 47 is required, Wilmington Savings denies such allegations.

49. The allegations set forth in Paragraph 48 of Plaintiff's complaint constitute legal conclusions to which no response is required. To the extent a response to Paragraph 48 is required, Wilmington Savings denies such allegations.

50. The allegations set forth in Paragraph 49 of Plaintiff's complaint constitute legal conclusions to which no response is required. To the extent a response to Paragraph 49 is required, Wilmington Savings denies such allegations.

51.     The allegations set forth in Paragraph 50 of Plaintiff's complaint constitute legal conclusions to which no response is required.  To the extent a response to Paragraph 50 is required, Wilmington Savings denies such allegations.

52.     Wilmington Savings denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

53.     The allegations set forth in Paragraph 52 of Plaintiff's complaint constitute legal conclusions to which no response is required.  To the extent a response to Paragraph 52 is required, Wilmington Savings denies such allegations.

54.     The allegations set forth in Paragraph 53 of Plaintiff's complaint constitute legal conclusions to which no response is required.  To the extent a response to Paragraph 53 is required, Wilmington Savings denies such allegations.

55.     Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 and therefore denies such allegations.

56.     The allegations set forth in Paragraph 55 of Plaintiff's complaint constitute legal conclusions to which no response is required.  To the extent a response to Paragraph 55 is required, Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained therein and therefore denies such allegations.

57.     Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 and therefore denies such allegations.

58.     The allegations set forth in Paragraph 57 of Plaintiff's complaint constitute legal conclusions to which no response is required.  To the extent a response to Paragraph 57 is required, Wilmington Savings denies such allegations.

59.     Wilmington Savings is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58. Further some allegations set forth in Paragraph 58 of Plaintiff's complaint constitute legal conclusions to which no response is required.  To the extent a response to Paragraph 58 is required, Wilmington Savings denies such allegations.

60.     The allegations set forth in Paragraph 59 of Plaintiff's complaint constitute legal conclusions to which no response is required.  To the extent a response to Paragraph 59 is required, Wilmington Savings denies such allegations.

61.     The allegations set forth in Paragraph 60 of Plaintiff's complaint constitute legal conclusions to which no response is required.  To the extent a response to Paragraph 60 is required, Wilmington Savings denies such allegations.

62.     The allegations set forth in Paragraph 61 of Plaintiff's complaint constitute legal conclusions to which no response is required.  To the extent a response to Paragraph 61 is required, Wilmington Savings denies such allegations.

63.     The allegations set forth in Paragraph 62 of Plaintiff's complaint constitute legal conclusions to which no response is required.  To the extent a response to Paragraph 62 is required, Wilmington Savings denies such allegations.

<b><u>FIRST AFFIRMATIVE DEFENSE</u></b>

64.     Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

<b><u>SECOND AFFIRMATIVE DEFENSE</u></b>

65.     Plaintiff's claims are barred, in whole or in part, by the doctrines of equity, including without limitation estoppel, release, laches and/or waiver.

## RESERVATION OF DEFENSES

66.     Wilmington Savings expressly reserves the right to assert any additional defenses against Plaintiff's claims, which are shown to exist by reason of discovery and/or other proceedings in this case.

WHEREFORE, Defendant demands that Plaintiff's Complaint be dismissed, that judgment be granted in its favor, that is recover attorney fees and the costs expended herein, and requests such other and further remedies as this Court dees just and proper,

Respectfully Submitted,

Date: 04/14/2026

   /s/ Christopher G. Phillips

Schneiderman & Sherman, P.C.
      Christopher G. Phillips (#0074249)
            23938 Research Drive, Suite 300
Farmington Hills, MI 48335
Phone: (248) 539-7400
Fax: (248) 539-7401
Email:cphillips@sspclegal.com
Counsel for Wilmington Savings Fund
Society, FSB as Owner Trustee of the
Residential Credit Opportunities Trust X-B

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the Answer of Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust X-C was served upon the parties listed below this 14th day of April 2026, electronically or by regular U.S. mail, postage prepaid as specified.

                                         /s/ Christopher G. Phillips
                                         Christopher G. Phillips

Served Electronically:

Edward A. Bailey, Chapter 13 Trustee, 550 Polaris Parkway, Ste 500, Westerville, OH 43082

U.S. Trustee, 1700 North High Street, Suite 200, Columbus, OH 43215

Served via United States Postal Service, postage prepaid:

Vickie Michelle Stringer, 3124 Genevieve Drive, Columbus, OH 43219